T.C. Memo. 2013-16

UNITED STATES TAX COURT

LA TASHIA GENTRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19248-11.                    Filed January 16, 2013.

La Tashia Gentry, pro se.

<u>William D. Richard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $3,000 in

petitioner's Federal income tax for 2008.  After a concession by respondent, the

issue for decision is whether petitioner is entitled to child tax credits for two minor

cousins who live with her and are supported by her.  Unless otherwise

[*2] indicated, all section references are to the Internal Revenue Code for the year in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Washington when she filed the petition. During 2008, petitioner cared for two children of her first cousin as if they were her own. They resided with her, and she acted as their guardian. They were not, however, adopted by her or placed in her home as foster children.

On her 2008 Form 1040, U.S. Individual Income Tax Return, petitioner claimed the two children of her first cousin as dependents and claimed child tax credits of $1,950. Respondent disallowed the claims but has now conceded that petitioner is entitled to the dependency exemption deductions.

## OPINION

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer. In addition to other requirements, a qualifying child must be the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of such

**[*3]** relatives. Sec. 152(c)(2). A qualifying relative, however, may be an individual who, for the year in issue, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household, and for whom the taxpayer provides over one-half of the support. Sec. 152(d)(1)(C), (2)(H).

Section 24(a) provides that a credit against income tax is allowed with respect to each qualifying child of the taxpayer in an amount equal to $1,000. Under section 24(b)(1), the section 24(a) credit is reduced by $50 for each $1,000 (or fraction thereof) by which the taxpayer's modified adjusted gross income exceeds the threshold amount specified in section 24(b)(2). Thus petitioner's claimed child tax credit for her two cousins was determined to be $1,950, which is the amount now in dispute.

Because petitioner's cousins are qualifying relatives for purposes of section 152(d), she is entitled to the dependency exemption deductions claimed on her tax return. Respondent now concedes that the deficiency, originally determined to be $3,000, should be reduced. However, petitioner's cousins do not satisfy the definition of qualifying child that determines eligibility for the child tax credits under section 24(a).

Although the distinction may seem arbitrary or unfair to petitioner, Congress has delineated the specific qualifications for the tax benefits in issue

[*4] here.  The Working Families Tax Relief Act of 2004, Pub. L. No. 108-311, sec. 201, 118 Stat. at 1169, amended section 152 to establish a uniform definition of child, including a definition of a qualifying child in section 152(c).  Under the Working Families Tax Relief Act, Congress continued the move to a more administrable definition of qualifying child than had been contained in prior versions of section 152.  Beyond simply unifying the definition of child and qualifying child under the Internal Revenue Code, Congress also revised the relationship requirement for a qualifying child by making siblings, stepsiblings, and descendants of each (the provision petitioner is concerned with), one of the specifically defined relationships for a qualifying child, rather than a component of an eligible foster child.  See sec. 152(c)(2), (f)(1)(C).  As the Joint Committee on Taxation explained, these changes were directed at easing the burden on both taxpayers and the Commissioner in administering the various sections of the Internal Revenue Code relating to qualifying children.  See Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in the 108th Congress  125 (J. Comm. Print 2005).  Congress did not adopt a definition that includes children of a cousin.  Congress chooses the beneficiaries of special tax exemptions or benefits, and neither the Commissioner nor the Court can deviate from the statutory provisions.  See, e.g., Regan v. Taxation With Representation, 461 U.S.

**[*5]** 540, 549 (1983) (citing <u>Cincinnati Soap Co. v. United States</u>, 301 U.S. 308, 317 (1937)).

To reflect the foregoing, including respondent's concession,

<u>Decision will be entered for</u>

<u>respondent for the reduced deficiency</u>

<u>of $1,950.</u>